NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000483
20-JAN-2017
08:18 AM

NO. CAAP-15-0000483

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
LEE MAGNO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 14-1-0735(3))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Lee Magno (**Magno**) appeals from the
Judgment of Conviction and Sentence (**Judgment**) filed on March 20,
2015, in the Circuit Court of the Second Circuit (**Circuit
Court**).[1] Plaintiff-Appellee State of Hawai'i (**State**) charged
four counts against Magno: Attempted Arson in the First Degree,
in violation of Hawaii Revised Statutes (**HRS**) §§ 705-500(2)
(2014)and 708-8251(1)(b) (2014) (Count I); Criminal Property
Damage in the First Degree, in violation of HRS § 708-820(1)(a)
(2014) (Count II); Terroristic Threatening in the First Degree,
in violation of HRS § 707-716(1)(e) (2014) (Count III); and

_____

[1] The Honorable Joseph E. Cardoza presided.

Violation of an Order for Protection, in violation of HRS § 586-11 (Supp. 2016) (Count IV). After accepting a plea offer by the State, which included the dismissal of Count I, Magno entered a plea of no contest to Counts II-IV. The plea agreement included, *inter alia*, that the State would recommend a sentence of five years probation and six months of incarceration on Count II, four years probation and six months of incarceration on Count III, and two years probation and six months of incarceration on Count IV, all concurrent. The Circuit Court was not bound by the parties' plea agreement. Prior to imposing sentence, the Circuit Court noted "serious concerns" based on the presentence report. After conferring with Magno, defense counsel asked the court to partially disregard the plea agreement and to sentence Magno to one year of incarceration. The Circuit Court sentenced Magno to a maximum ten-year term of imprisonment on Count II, a maximum five-year term of imprisonment on Count III, and a one-year term of imprisonment on Count IV, all concurrent.

On appeal, Magno raises two points of error, arguing that he received ineffective assistance of counsel, based on: (1) defense counsel's failure to move to withdraw Magno's no contest plea; and (2) defense counsel's failure to move for a mental examination of Magno to determine his penal responsibility and fitness to proceed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Magno's points of error as follows:

2

(1)  The Hawai'i Supreme Court has held:

> When reviewing a claim of ineffective assistance of counsel, [the appellate court] looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases.  The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test:  1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense.  To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense.  A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawai'i 504, 513-14, 78 P.3d 317, 326-27 (2003) (internal quotation marks, citations, and footnote omitted).

Magno contends that defense counsel's failure to withdraw Magno's no contest plea prior to sentencing constituted ineffective assistance of counsel, arguing that the withdrawal of the plea was warranted because the Circuit Court indicated that it likely was going to deviate from the plea agreement to impose a longer prison sentence and would have entertained a motion to withdraw the no contest plea.  The State asserts that the record is not sufficiently developed at this time for this court to decide this issue.

It appears that defense counsel's failure to move to withdraw the plea had an obvious tactical basis, notwithstanding that the court strongly signaled that it was not going to sentence Magno in accordance with the plea agreement, as the dismissed charge in Count I carried a maximum term of twenty years (HRS § 706-659 (2014)), whereas the Counts II-IV carried maximum terms of ten, five, and one year(s), respectively (HRS § 706-660. (2014), 706-663 (Supp. 2016).  See State v. De Guair, 108

Hawai'i 179, 187, 118 P.3d 662, 670 (2005); Briones v. State, 74 Haw. 442, 462-63, 848 P.2d 966, 976 (1993). Nevertheless, as the State frankly states, the record does not reflect any representation by defense counsel regarding discussions counsel had with Magno concerning the court's statements (which were made off and on the record) about the court's "serious concerns" and willingness to entertain a motion to continue or a motion to withdraw the plea. In addition, the record is devoid of any testimony or evidence that would assist this court in evaluating the State's evidence or Magno's potential defenses in this case, especially concerning the Attempted Arson charged in Count I. Accordingly, although Magno failed in this appeal to meet his burden of establishing that counsel provided ineffective assistance in failing to move to withdraw his no contest plea, we affirm Magno's conviction, but do so without prejudice to Magno filing a post-conviction petition pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP).

(2) Magno alleges that his right to effective assistance of counsel was deprived when defense counsel failed to request a mental examination, under HRS § 704-404 (2014), to determine his fitness to proceed and penal responsibility. To support this allegation, Magno points to the Bail Study, a January 16, 2015 Pre-sentence Diagnosis and Report submitted in another TRO violation case against Magno (Original PSR), and the pre-sentence report in this case (Supplemental PSR), which included the Original PSR, all of which noted that Magno suffered from mental illness. In light of receiving this information,

4

Magno argues, defense counsel should have requested a mental examination. The State submits that the record does not otherwise reflect any behavior indicating the need for an examination.

Pertinent to Magno's fitness to proceed, HRS § 704-403 (2014) provides: "No person who as a result of a physical or mental disease, disorder, or defect lacks capacity to understand the proceedings against the person or to assist in the person's own defense shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity endures." In State v. Harter, 134 Hawai'i 308, 332 n.30, 340 P.3d 440, 464 n.30 (2014), the supreme court noted: "Defense counsel should move for evaluation of the defendant's competence when he or she has a good faith doubt regarding defendant's competence to stand trial[.]" Thus, defense counsel has an obligation to move for an examination when counsel doubts a defendant's *competence*, not when counsel has a doubt regarding whether a defendant has a mental illness. This is because "suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial." Gooch v. State, 310 S.W.3d 275, 280 (Mo. Ct. App. 2010) (quoting Cook v. State, 193 S.W. 3d 378, 386 (Mo. Ct App. 2006)).

Here, there is nothing in the record, such as irrational or bizarre behavior or demeanor, to indicate that Magno's mental or physical state was such that he lacked the capacity to understand the proceedings, consult with counsel, and/or to assist in preparing a defense for trial. See Harter,

134 Hawai'i at 330, 340 P.3d at 464.. On the contrary, Magno's statements in open court demonstrated his understanding of the proceedings. At the change of plea hearing on January 12, 2015, Magno engaged with the Circuit Court about the procedural implications of his plea. For example, the Circuit Court explained to Magno that by entering a no contest plea, Magno would give up the right to file any pretrial motions. Magno added, "That means I can't use that no matter what; right?" The Circuit Court stated that Magno's understanding was correct, and the Circuit Court further explained, through a hypothetical of a situation in which after pleading no contest, Magno later wanted to move to suppress evidence based on an illegal search. Magno interjected, "Too late, already." At sentencing, Magno addressed the court at length and requested leniency, took responsibility for his actions, and recounted his efforts to enroll in an early release program. The bare fact of previous treatment for mental health issues, which ended two years prior, is insufficient to support Magno's contention that defense counsel was ineffective for failing to seek a mental health examination to determine Magno's fitness to proceed.[2]

Pertinent to Magno's assertion that a mental examination was necessary to determine if Magno could be absolved of penal responsibility, HRS § 704-400(1) (2014) states:

> A person is not responsible, under this Code, for conduct if at the time of the conduct as a result of physical or mental disease, disorder, or defect the person lacks substantial capacity either to appreciate the wrongfulness of the

---

[2]     Nor does the unsubstantiated and unspecific report by Magno, that Magno requested, and correctional facility staff ignored, a request for Magno to see a psychiatrist compel a different conclusion.

person's conduct or to conform the person's conduct to the requirements of law.

Again, the mere history of Magno's treatment for mental health issues does not support his claims of ineffective assistance for failure to seek an examination to challenge penal responsibility. Moreover, Magno's statements to the police after the alleged incident, which were available to his counsel, tend to demonstrate Magno's appreciation for the wrongfulness of his conduct, as well as his ability to conform his conduct to the requirements of the law. For example, Magno recalled the details of the incident, reportedly stating that he went to the complaining witness's residence to drop off a truck "because he could not afford the truck and he did not want to get in trouble with the police." Magno recounted that he threw a piece of wood and a rock at the vehicles to damage the windshield and windows. Magno stated that he grabbed an empty gas can, held it up, and asked the complaining witness, "You like me light this cab (the truck) on fire?" Magno's description of the incident, which were largely corroborated by his estranged wife's report to the police, supports his penal responsibility. See State v. Feliciano, 107 Hawai'i 469, 486-87, 115 P.3d 648, 665-66 (2005) (holding that doctor's testimony that the defendant could give a description of the event that comported with the accounts of other witnesses supported the court's conclusion that the defendant was penally responsible for his conduct). Magno also reportedly stated that during the incident, he observed his children watching him from inside the residence and he told his daughter, "forgive daddy for what he was doing." Magno stated

that he thought his wife's boyfriend was coming, so Magno left the scene. These actions further show his ability to comprehend his actions and control his behavior.

Accordingly, we conclude that Magno failed to meet his burden of establishing that counsel's failure to seek a mental examination reflected a lack of skill, judgment, or diligence.

For these reasons, the Circuit Court's March 20, 2015 Judgment is affirmed, without prejudice to the filing of an HRPP Rule 40 petition related to the issues raised in Magno's first point of error in this appeal.

DATED: Honolulu, Hawai'i, January 20, 2017.

On the briefs:

Te-Hina Ickes,
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

8